IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY WILLIAMS, : No. 3:25-CV-0338
    Petitioner :
 : (Judge Munley)
v. :
 :
KATHY BRITTAIN, :
    Respondent :

## MEMORANDUM

Petitioner Timothy Williams initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his most recent denial of parole, claiming that the Pennsylvania Parole Board violated his substantive due process rights. Because Williams has not established a constitutional violation, the court will deny his Section 2254 petition.

### I. BACKGROUND

Williams is currently serving a sentence of six years and six months to thirteen years' incarceration imposed by the Court of Common Pleas of York County, Pennsylvania, for aggravated assault and person not to possess a firearm. (See Doc. 11-2 at 9). This sentence implicates a minimum release date of January 7, 2024, and a maximum release date of July 7, 2030. (See id.). When he filed his petition, Williams has been denied parole on two occasions: September 29, 2023, and November 12, 2024. (Id. at 13-14, 16-17).

In February 2025, following his second parole denial, Williams lodged the instant Section 2254 petition in this court. (Doc. 1). He alleges that the November 2024 parole denial was "[a]rbitrary, [e]gregious, and [c]apricious," and thus violated his substantive due process rights under the Fourteenth Amendment to the United States Constitution. (Id. ¶¶ 1, 2, 6, 7). He seeks immediate release from confinement. (Id. at p. 11).

Respondent timely filed a response to Williams' Section 2254 petition. (See generally Doc. 11). Williams did not file a traverse and the time in which to do so has passed, so his habeas petition is ripe for disposition.

## II. DISCUSSION

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) (quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990)). With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria." See Block v. Potter, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) ("In Block, the . . . panel majority

2

concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)). Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'" Holmes v. Christie, 14 F.4th 250, 267 (3d Cir. 2021) (quoting Newman, 617 F.3d at 782). If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience shocking, a substantive due process challenge must fail. See Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

Williams alleges that during his September 2023 parole process, the Parole Board recommended that he complete certain rehabilitation programs concerning domestic violence. (See Doc. 1 at p. 8). He recounts that he completed the recommended programming and maintained a clear conduct record, but was again denied parole on November 12, 2024. (See id. at pp. 8-9). He contends that his parole denial was improperly based on an affidavit by York County Police Department Officer Sherri Hansen that indicated that Williams had "chased the victim around the vehicle while firing the weapon into the air and then shooting her in the leg." (Id. at p. 9; see also Doc. 11-2 at 7 (Affidavit of Probable Cause)). Williams asserts that this information is inaccurate and was "repeatedly denied

3

and refuted both at the preliminary hearing and the trial[.]" (Doc. 1 at p. 10). He maintains that the shooting was accidental and "without any malice." (Id.) Williams believes that the Parole Board interviewer "allowed their personal and emotional opinions based upon what they read in an affidavit [to] influence[] their reasoning[]," which he claims is "arbitrary, egregious, an[d] an abuse of their entire discretion." (Id.)

Williams' claim is meritless. Without repeating the parole denial verbatim, the Parole Board's reasons for denying parole on November 12, 2024, include:

- Reports, evaluations and assessment/level of risk indicates [Williams'] risk to the community;
- [Williams'] minimization/denial of the nature and circumstances of the offense(s) committed;
- [Williams'] failure to develop a parole release plan;
- The nature of [Williams'] crime.

(Doc. 11-2 at 16). None of the reasons provided by the Parole Board appear to be improper.

Furthermore, while Williams may disagree with the facts contained in the affidavit of probable cause, he has not provided any legal authority indicating that the Parole Board is forbidden from considering such evidence when making parole determinations. The Parole Board is required to consider, among other things, "[t]he nature and circumstances of the offense committed," 61 PA. CONS.

STAT. § 6135(a)(1), as well as "such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available," id. § 6135(a)(6). Presumably, this could include the arresting officer's affidavit of probable cause, even if the facts stated therein were contested at trial. See, e.g., Jackson v. Pa. Bd. of Prob. & Parole, 169 A.3d 1226, 1227 (Pa. Commw. Ct. 2017) (recounting that Parole Board expressly informed inmate that they would consider the affidavit of probable cause from his prior conviction); Sowers v. Pa. Parole Bd., No. 272 C.D. 2023, 2025 WL 2986028, at *4 (Pa. Commw. Ct. Oct. 23, 2025) (nonprecedential) (noting that facts included in affidavit of probable cause were considered during revocation of parole proceedings).

Additionally, the court observes that other factors—unrelated to the affidavit of probable cause—were proffered by the Parole Board in its November 2024 denial. Those factors include Williams' minimization and denial of the nature and circumstances of the offenses, as well has his failure to develop a parole release plan.

Thus, despite Williams' protestations to the contrary, none of the Parole Board's reasons for denying parole appear to be arbitrary, "egregious," conscience-shocking, or based on constitutionally impermissible factors. Nor has Williams shown "willful noncompliance, bad faith, [or] a sufficient inference of

5

retaliation or vindictiveness on the part of the Board[.]" Mickens-Thomas v. Vaughn, 355 F.3d 294, 310 (3d Cir. 2004). "[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision." Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002) (quoting Coady, 251 F.3d at 487). Because there is "some basis" for the Parole Board's decision, even beyond the contested affidavit of probable cause, Williams has failed to establish a substantive due process violation and his Section 2254 petition must be denied.

## III. CONCLUSION

Based on the foregoing, the court will deny Williams' petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court will likewise deny a certificate of appealability, as Williams has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural rulings are correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order follows.

Date: 10/31/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

6